**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:20-cv-00344 |
| | § | |
| 2.1185 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATE IN STARR COUNTY, STATE OF | § | |
| TEXAS, MARIA DEL ROSARIO G. | § | |
| RAMIREZ, *et al.*, | § | |
| *Defendants.* | § | |

## COMPLAINT IN CONDEMNATION

1.      This is a civil action brought by the United States of America at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property under the power of eminent domain through a Declaration of Taking, and for the determination and award of just compensation to the owners and parties in interest.

2.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1358.

3.      The interest in property taken herein is under and in accordance with the authority set forth in Schedule "A."

4.      The public purpose for which said interest in property is taken is set forth in Schedule "B."

5.      The legal description and map or plat of land in which certain interests are being acquired by the filing of this Complaint, pursuant to the Declaration of Taking, are set forth in Schedules "C" and "D."

6.      The interest being acquired in the property described in Schedules "C" and "D" is set forth in Schedule "E."

7.      The amount of just compensation estimated for the property interest being acquired is set forth in Schedule "F."

8.      The names and addresses of known parties having or claiming an interest in said acquired property are set forth in Schedule "G."

9.      Local and state taxing authorities may have or claim an interest in the property by reason of taxes and assessments due and eligible.

WHEREFORE, Plaintiff requests judgment that the interest described in Schedule "E" of the property described in Schedules "C" and "D" be condemned, and that just compensation for the taking of said interest be ascertained and awarded, and for such other relief as may be lawful and proper.

Respectfully submitted,

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By: *s/Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney
Attorney-in-Charge for Plaintiff
S.D. Tex. ID No. 3135288
Texas Bar No. 24106385
600 E. Harrison Street, Suite 201
Brownsville, Texas 78520
Tel: (956) 983-6057
Fax: (956) 548-2775
E-mail: Baltazar.Salazar@usdoj.gov

# SCHEDULE A

**SCHEDULE A**

AUTHORITY FOR THE TAKING

The property is taken under and in accordance with 40 U.S.C. §§ 3113 and 3114, which authorize the condemnation of land and the filing of a Declaration of Taking; the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, 110 Stat. 3009-546, 3009-554-55, as amended and codified at 8 U.S.C. § 1103(b) & note; and the Acts of Congress approved March 23, 2018, as Public Law 115-141, div. F, tit. II, 132 Stat. 348, and February 15, 2019, as Public Law 116-6, div. A, tit. II, Section 230, 133 Stat. 13, which appropriated the funds that shall be used for the taking.

# SCHEDULE B

## **SCHEDULE B**

### PUBLIC PURPOSE

The public purpose for which said property is taken is to construct, install, operate, and maintain a border security tower, roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.

# SCHEDULE C

## SCHEDULE C

LEGAL DESCRIPTION

Starr County, Texas

Tract:  RGV-RGC-T2055E (4 Year Temporary Access and Utility Easement)
Owner:  Maria Del Rosario G. Ramirez, *et al.*
Acres:  2.1185

**RGV-RGC-T2055E (4 Year Temporary Access and Utility Easement):**

BEING a 2.1185 acre tract of land situated in the Matias Longoria Survey, Abstract Number 129, Porcion 93, Starr County, Texas, and being part of a called 21.945 acre tract of land described in Deed of Gift to Maria Del Rosario G. Ramirez, Heraclio Guzman, Amalia G. Glores, Jesus Guzman, Jr., Josefa G. Mares, Alicia G. Sanchez, Blanca G. Rodriguez, Josefina G. Rivera, Maria Luisa G. Morales, Dalia Guzman, and Jose Antonio Guzman, as recorded in Volume 0793, Page 226 of the Official Records of Starr County, Texas (O.R.S.C.T.), said tract being part of Share 183, Porcion 93, Ancient Jurisdiction of Camargo, described in Final Judgment Cause No. A-3045, as recorded in Volume 112, Page 1**,** O.R.S.C.T., and being more particularly described by metes and bounds as follows:

COMMENCING at a found aluminum disk for the common northwest corner of that tract of land described in Special Warranty Gift Deed to Jesus A. Solis Jr., as recorded in Volume 1123, Page 526, O.R.S.C.T., said tract being all of Share 185-A described in said Final Judgment Cause, and northeast corner of a called 105.23 acre tract of land described as Share 185 in said Final Judgment Cause, on the south line of a called 7.97 acre tract of land described as Share 180 in said Final Judgment Cause, from which a found aluminum disk for reference at the southwest corner of said Share 180 bears North 80 degrees 23 minutes 52 seconds West, a distance of 18.61 feet;

THENCE South 80 degrees 23 minutes 52 seconds East, with the common north line of said Share 185-A and south line of said Share 180, a distance of 524.52 feet to the common northwest corner of said 21.945 acre tract (Share 183) and northeast corner of said Share 185-A, from which a found aluminum disk for reference at the common interior corner of said 21.945 acre tract (Share 183) and southeast corner of a called 33.84 acre tract of land described as Share 175 in said Final Judgment Cause bears South 80 degrees 23 minutes 52 seconds East, a distance of 1,489.21 feet;

THENCE South 09 degrees 34 minutes 17 seconds West, departing the south line of said Share 180, with the common west line of said 21.945 acre tract (Share 183) and east line of said Share 185-A, a distance of 554.10 feet to a 1/2-inch set iron rod with blue plastic cap stamped "HALFF ESMT" (hereinafter referred to as "with cap") for the **POINT OF BEGINNING** having a Texas Coordinate System 1983, South Zone Grid Coordinates of Northing: 16,621,624.02, Easting: 929,268.09;

## SCHEDULE C (CONTINUED)

## LEGAL DESCRIPTION

THENCE over and across said 21.945 acre tract (Share 183), the following bearings and distances:

South 57 degrees 27 minutes 43 seconds East, departing said common line, a distance of 156.11 feet to a 1/2-inch set iron rod with cap for corner;

South 80 degrees 23 minutes 52 seconds East, a distance of 2,091.57 feet to a 1/2-inch set iron rod with cap for corner on the common east line of said 21.945 acre tract (Share 183), and west line of a called 15.16 acre tract described in Special Warranty Deed with Vendor's Lien to Gar Sal Properties & Land Developers, LLC, said tract being part of Share 184 described in said Final Judgment Cause;

THENCE South 09 degrees 34 minutes 17 seconds West, with the common east line of said 21.945 acre tract (Share 183) and west line of said 15.16 acre tract (Share 184), a distance of 40.00 feet to a found aluminum disk for the common southeast corner of said 21.945 acre tract (Share 183), southwest corner of said 15.16 acre tract (Share 184), northeast corner of a called 4.60 acre tract of land described as Share 187 in said Final Judgment Cause, and northwest corner of a called 32.639 acre tract of land described in Warranty Deed to the United States of America, as recorded in Volume 0622, Page 827, O.R.S.C.T., said tract being all of Share 188 described in said Final Judgment Cause;

THENCE North 80 degrees 23 minutes 52 seconds West, with the common south line of said 21.945 acre tract (Share 183) and north line of said Share 187, passing at a distance of 555.47 feet the common northwest corner of said Share 187 and northeast corner of a called 31.68 acre tract of land described in Independent Executor's Deed to Juan Solis, Jr,, as recorded in Volume 1091, Page 472, O.R.S.C.T., said tract being all of Share 186 described in said Final Judgment Cause, continuing with the south line of said 21.945 acre tract (Share 183), and with the north line of said 31.68 acre tract (Share 186), in all, a total distance of 2,151.03 feet to a 1/2-inch set iron rod with cap for corner;

THENCE North 57 degrees 27 minutes 43 seconds West, departing the common south line of said 21.945 acre tract (Share 183) and north line of said 31.68 acre tract (Share 186), over and across said 21.945 acre tract (Share 183), a distance of 91.53 feet to a 1/2-inch set iron rod with cap on the common west line of said 21.945 acre tract (Share 183) and east line of said Share 185-A;

THENCE North 09 degrees 34 minutes 17 seconds East, with the common west line of said 21.945 acre tract (Share 183) and east line of said Share 185-A, a distance of 65.17 feet to the **POINT OF BEGINNING AND CONTAINING** 2.1185 acres or 92,281 square feet of land, more or less.

# SCHEDULE D

## SCHEDULE D

### MAP or PLAT

### LAND TO BE CONDEMNED



## SCHEDULE D (Cont.)



Graphic Scale

0   50   100   200

1"=100'

MATCH LINE SEE SHEET 4 OF 7

MATIAS LONGORIA
SURVEY A-129
PORCION 93

CALLED 21.945 ACRES
MARIA DEL ROSARIO G. RAMIREZ,
HERACLIO GUZMAN, AMALIA G. GLORES,
JESUS GUZMAN, JR., JOSEFA G. MARES,
ALICIA G. SANCHEZ, BLANCA G. RODRIGUEZ,
JOSEFINA G. RIVERA, MARIA LUISA G. MORALES,
DALIA GUZMAN, JOSE ANTONIO GUZMAN
VOL. 0793, PG. 226, O.R.S.C.T.
(PART OF SHARE 183,
PORCION 93, ANCIENT CAMARGO JURISDICTION,
IN FINAL JUDGMENT CAUSE NO. A-3045,
VOL. 112, PG. 1, O.R.S.C.T.)

S 80°23'52" E   2,091.57'

P.L.

N 80°23'52" W   2,151.03'

TRACT RGV-RGC-T2055E
Temporary ACCESS & UTILITY EASEMENT
2.1185 ACRE
(92,281 SQ. FT.)

CALLED 31.68 ACRES
JUAN SOLIS, JR.
VOL. 1091, PG. 472, O.R.S.C.T.
(SHARE 186, PORCION 93, ANCIENT CAMARGO JURISDICTION,
IN FINAL JUDGMENT CAUSE NO. A-3045,
VOL. 112, PG. 1, O.R.S.C.T.)

MATCH LINE SEE SHEET 6 OF 7

NOTE:
ORIGINALLY PRODUCED BY Halff Associates, INC. UNDER CONTRACT WITH US ARMY CORPS OF
ENGINEERS.  MODIFIED BY IN-HOUSE STAFF UNDER SUPERVISION OF JOSEPH SCOLARI PLS &
PSM (NJ & FL)

LEGEND

○       1/2-INCH SET IRON ROD WITH BLUE PLASTIC
        CAP STAMPED "HALFF ESMT" (UNLESS NOTED)
SIR     SET IRON ROD
FIP     FOUND IRON PIPE
FIR     FOUND IRON ROD
(C.M.)  CONTROLLING MONUMENT
P.O.C.  POINT OF COMMENCING
P.O.B.  POINT OF BEGINNING
INST. NO.  INSTRUMENT NUMBER
VOL. , PG.  VOLUME , PAGE
M.R.S.C.T.  MAP RECORDS OF STARR COUNTY, TEXAS
O.R.S.C.T.  OFFICIAL RECORDS OF STARR COUNTY, TEXAS
●       FOUND IRON ROD
        PROPOSED EASEMENT LINE
        EXISTING PROPERTY LINE
        APPROXIMATE ABSTRACT LINE
        EXISTING ROW LINE

NOTES:
1. The Basis of Bearing is the Texas Coordinate
   System of 1983, South Zone (4205), based on
   GPS measurements. All distances are surface
   distances. All coordinates are grid coordinates.
   Surface Adjustment Factor: 1.00004

2. A description of even date accompanies this
   exhibit.

| | | TRACT RGV-RGC-T2055 |
|---|---|---|
| SCALE:1"=100' | | |
| DRAWN: LEO | MATIAS LONGORIA SURVEY, ABSTRACT 129 PORCION 93 STARR COUNTY, TEXAS | NORTH OF GAR STARR CROSSOVER ACCESS A |
| DATE:8/01/2018 | | |
| SHEET NO. | | |
| 5 OF 7 | | |

US Army Corps
of Engineers®

## SCHEDULE D (Cont.)



Graphic Scale

0     50    100    200

1"=100'

MATIAS LONGORIA SURVEY A-129 PORCION 93

MATCH LINE SEE SHEET 5 OF 7

MATCH LINE SEE SHEET 7 OF 7

CALLED 21.945 ACRES
MARIA DEL ROSARIO G. RAMIREZ,
HERACLIO GUZMAN, AMALIA G. GLORES,
JESUS GUZMAN, JR., JOSEFA G. MARES,
ALICIA G. SANCHEZ, BLANCA G. RODRIGUEZ,
JOSEFINA G. RIVERA, MARIA LUISA G. MORALES,
DALIA GUZMAN, JOSE ANTONIO GUZMAN
VOL. 0793, PG. 226, O.R.S.C.T.
(PART OF SHARE 183,
PORCION 93, ANCIENT CAMARGO JURISDICTION,
IN FINAL JUDGMENT CAUSE NO. A—3045,
VOL. 112, PG. 1, O.R.S.C.T.)

S 80°23'52" E    2,091.57'

N 80°23'52" W    2,151.03'

555.47'

TRACT RGV-RGC-T2055E
Temporary ACCESS & UTILITY EASEMENT
2.1185 ACRE
(92,281 SQ. FT.)

CALLED 31.68 ACRES
JUAN SOLIS, JR.
VOL. 1091, PG. 472, O.R.S.C.T.
(SHARE 186, PORCION 93, ANCIENT CAMARGO JURISDICTION,
IN FINAL JUDGMENT CAUSE NO. A—3045,
VOL. 112, PG. 1, O.R.S.C.T.)

CALLED 4.60 ACRES
(SHARE 187, PORCION 93,
ANCIENT CAMARGO JURISDICTION,
IN FINAL JUDGMENT CAUSE NO. A—3045,
VOL. 112, PG. 1, O.R.S.C.T.)

NOTE:
ORIGINALLY PRODUCED BY Halff Associates, INC. UNDER CONTRACT WITH US ARMY CORPS OF
ENGINEERS. MODIFIED BY IN—HOUSE STAFF UNDER SUPERVISION OF JOSEPH SCOLARI PLS &
PSM (NJ & FL)

LEGEND

○ 1/2—INCH SET IRON ROD WITH BLUE PLASTIC
CAP STAMPED "HALFF ESMT" (UNLESS NOTED)
SIR    SET IRON ROD
FIP    FOUND IRON PIPE
FIR    FOUND IRON ROD
(C.M.)  CONTROLLING MONUMENT
P.O.C.  POINT OF COMMENCING
P.O.B.  POINT OF BEGINNING
INST. NO.  INSTRUMENT NUMBER
VOL. , PG.  VOLUME , PAGE
M.R.S.C.T.  MAP RECORDS OF STARR COUNTY, TEXAS
O.R.S.C.T.  OFFICIAL RECORDS OF STARR COUNTY, TEXAS
● FOUND IRON ROD
━━ ━━ PROPOSED EASEMENT LINE
── ₵ ── EXISTING PROPERTY LINE
━ ─ ━ ─ APPROXIMATE ABSTRACT LINE
── ─ ─ ── EXISTING ROW LINE

NOTES:
1. The Basis of Bearing is the Texas Coordinate
System of 1983, South Zone (4205), based on
GPS measurements. All distances are surface
distances. All coordinates are grid coordinates.
Surface Adjustment Factor: 1.00004

2. A description of even date accompanies this
exhibit.

| | | |
|---|---|---|
| SCALE:1"=100' | **MATIAS LONGORIA SURVEY,** | TRACT RGV–RGC–T2055 |
| DRAWN: LEO | **ABSTRACT 129** | NORTH OF GAR STARR CROSSOVER ACCESS A |
| DATE:8/01/2018 | **PORCION 93** | |
| SHEET NO. | **STARR COUNTY, TEXAS** | |
| 6 OF 7 | | |

US Army Corps
of Engineers®

## SCHEDULE D (Cont.)



Tract: RGV-RGC-T2055E (4 Year Temporary Access and Utility Easement)
Owner: Maria Del Rosario G. Ramirez, *et al.*
Acres: 2.1185

# SCHEDULE E

**SCHEDULE E**

<u>ESTATE TAKEN</u>

Tract:  RGV-RGC-T2055E (4 Year Temporary Access and Utility Easement)
Owner:  Maria Del Rosario G. Ramirez, *et al.*
Acres:  2.1185

      A temporary, non-exclusive and assignable easement and right-of-way in, on, over, under and across the land described in Schedule C, for a period not to exceed 4 years, beginning with date possession of the land is granted to the United States, for use by the United States, its representatives, agents and contractors for the location, construction, operation, maintenance, alteration and replacement of a road and aboveground and underground utility lines and appurtenances thereto; together with the right to trim, cut, fell and remove any vegetative or structural obstacles that interfere within the right-of- way; subject to existing easements for public roads and highways, public utilities, railroads and pipelines; reserving however, to the owners, their heirs and assigns, the right to use the surface of such land as access to their adjoining land or for any other use consistent with its use as a road and/or utility easement.

.

# SCHEDULE F

**SCHEDULE F**

ESTIMATE OF JUST COMPENSATION

The sum estimated as just compensation for the land(s) being taken is ONE THOUSAND NINE HUNDRED DOLLARS AND NO/100 ($1,900.00), to be deposited herewith in the Registry of the Court for the use and benefit of the persons entitled thereto.

# SCHEDULE G

## SCHEDULE G

## INTERESTED PARTIES

The following table identifies all persons who have or claim an interest in the property condemned and whose names are now known, indicating the nature of each person's property interest(s) as indicated by references in the public records and any other information available to the United States. *See* Fed. R. Civ. P. 71.1(c).

| Interested Party | Reference |
|---|---|
| **Maria Del Rosario G. Ramirez, et al.** ▮▮▮▮ Grulla, Texas ▮▮▮ | Gift Deed, Document #1997-193975, Book OR, Vol. 793, Pg. 226; Recorded November 13, 1997 in Deed Records of Starr County, Texas. |
| **Heraclio Guzman** ▮▮▮ La Grulla, Texas ▮▮▮ | |
| **Unknown Heirs of Amalia G. Flores** | |
| **Jesus Guzman, Jr.** ▮▮▮ La Grulla, Texas ▮▮▮ | |
| **Josefa G. Mares** ▮▮▮ Grandview, WA ▮▮▮ | |
| **Alicia G. Sanchez** ▮▮▮ Carrollton, Texas ▮▮▮ | |
| **Blanca G. Rodriquez** a/k/a Blanca G. Kidwell ▮▮▮ San Antonio, Texas ▮▮▮ | |
| **Josefina G. Rivera** ▮▮▮ Edinburg, Texas ▮▮▮ | |
| **Maria Luisa G. Morales** ▮▮▮ La Grulla, Texas ▮▮▮ | |

| | |
|---|---|
| **Dalia Guzman** <br> ▮▮▮▮▮▮▮▮ <br> Dallas, Texas ▮▮▮▮ | |
| **Jose Maria Longoria, Jr.** <br> ▮▮▮▮▮▮▮ <br> Rio Grande City, Texas ▮▮▮▮ | Affidavit of Heirship, Document #1992-163011, Book OR, Vol. 660, Pg. 54; Recorded October 22, 1992 in Deed Records of Starr County, Texas; and Warranty Deed, Document #1939-13417, Book OR, Vol. 112, Pg. 414; Recorded October 19, 1939 in the Deed Records of Starr County, Texas. |
| **Isaac Longoria** <br> ▮▮▮▮▮▮▮▮ <br> McAllen, Texas ▮▮▮▮ | |
| **Romero Longoria** <br> ▮▮▮▮▮▮▮▮ <br> Rio Grande City, Texas ▮▮▮▮ | |
| **Roberto Longoria** <br> ▮▮▮▮▮▮▮ <br> Rio Grande City, Texas ▮▮▮▮ | |
| **Thelma L. Lopez** <br> ▮▮▮▮▮ <br> La Grulla, Texas ▮▮▮▮ | Gift Deed, Document #2004-239349, Book OR, Vol. 1007, Pg. 134; Recorded July 8, 2004 in Deed Records of Starr County, Texas. |
| **Melissa Iris Lopez** <br> ▮▮▮▮▮▮ <br> McAllen, Texas ▮▮▮ | |
| **Dagoberto Lopez Jr.** <br> ▮▮▮▮▮▮ <br> Edinburg, Texas ▮▮▮ | |
| **Roel Omar Lopez** <br> ▮▮▮▮▮▮▮ <br> Edinburg, Texas ▮▮▮ | |
| **Jose Maria Longoria, III** <br> ▮▮▮▮▮▮▮ <br> Los Angeles, CA ▮▮▮ | |

| | |
|---|---|

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | 2.1185 Acres of Land, More or Less, Situate in Starr County, State of Texas, Maria Del Rosario G. Ramirez, et al., |

| **(b)**  County of Residence of First Listed Plaintiff  _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Starr _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| **(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*<br><br>AUSA Baltazar Salazar, U.S. Attorney's Office, 600 E. Harrison Street,<br>Suite 201, Brownsville, Texas 78520, (956) 983-6057 | Attorneys *(If Known)* |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
       Plaintiff

☐ 2   U.S. Government
       Defendant

☐ 3   Federal Question
       *(U.S. Government Not a Party)*

☐ 4   Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                              *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>   & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>   Student Loans<br>   (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>   of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>   Liability<br>☐ 320 Assault, Libel &<br>   Slander<br>☐ 330 Federal Employers'<br>   Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>   Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>   Product Liability<br>☐ 360 Other Personal<br>   Injury<br>☐ 362 Personal Injury -<br>   Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>   Product Liability<br>☐ 367 Health Care/<br>   Pharmaceutical<br>   Personal Injury<br>   Product Liability<br>☐ 368 Asbestos Personal<br>   Injury Product<br>   Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>   Property Damage<br>☐ 385 Property Damage<br>   Product Liability | ☐ 625 Drug Related Seizure<br>   of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>   28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>   New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>   3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>   Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>   Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>☐ 710 Fair Labor Standards<br>   Act<br>☐ 720 Labor/Management<br>   Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>   Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>   Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>   Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>   Act/Review or Appeal of<br>   Agency Decision<br>☐ 950 Constitutionality of<br>   State Statutes |
| ☒ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>   Accommodations<br>☐ 445 Amer. w/Disabilities -<br>   Employment<br>☐ 446 Amer. w/Disabilities -<br>   Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>   Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>   Conditions of<br>   Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>   Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>   or Defendant)<br>☐ 871 IRS—Third Party<br>   26 USC 7609 | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
       Proceeding

☐ 2   Removed from
       State Court

☐ 3   Remanded from
       Appellate Court

☐ 4   Reinstated or
       Reopened

☐ 5   Transferred from
       Another District
       *(specify)*

☐ 6   Multidistrict
       Litigation -
       Transfer

☐ 8   Multidistrict
       Litigation -
       Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
40 U.S.C. 3113 and 3114

Brief description of cause:
Condemnation proceeding for a 4 yr temporary access and utility easement for Border Infrastructure Project

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
  UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE  _____   DOCKET NUMBER  _____

| DATE<br>10/28/2020 | SIGNATURE OF ATTORNEY OF RECORD<br>s/Baltazar Salazar |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT  _____   APPLYING IFP  _____   JUDGE  _____   MAG. JUDGE  _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b)   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c)   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.