## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 7:20-cv-00344 |
| 2.1185 ACRES OF LAND, MORE OR LESS,<br>SITUATE IN STARR COUNTY, STATE OF<br>TEXAS, MARIA DEL ROSARIO G.<br>RAMIREZ, *et al.,*<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§ | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FRCP 26(f)

**1.      State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

Pursuant to Federal Rule of Civil Procedure 26(f), Baltazar Salazar, Assistant United States Attorney on behalf of Plaintiff, the United States of America, conferred with  Defendants Josefa G. Mares, Maria Luisa G. Morales, Alicia G. Stafford (Sanchez), Maria Avelina Guzman (attorney-in-fact for Defendant Jesus Guzman, Jr.), and Margil Sanchez, Jr., counsel for Maria del Rosario G. Ramirez, via telephone and email on April 28 and May 4-7, 2021.

**Plaintiff and the above-referenced Defendants (collectively, referred as "the parties" throughout this plan) respectfully request the Court to set a deadline 45 days from the scheduled Initial Pretrial Conference in lieu of a scheduling order for the parties to: (1) file a stipulation for dismissal under Federal Rule of Civil Procedure 71.1(i)(1)(B) or alternatively, (2) for Plaintiff to deposit the sum estimate of just compensation into the registry of the Court and move for possession of the estate taken. Upon resolution of the issue of possession by the Court, the parties request that a scheduling order be issued on the issue of just compensation.**

Plaintiff attempted to confer pursuant to FRCP 26(f) with the following Defendants via telephone, regular mail, and/or email on April 9, 28-29, and May 3-6, 2021, however, has been unsuccessful in each attempt; said Defendants have waived service or have been personally served with notice:

(1) Heraclio Guzman
(2) Blanca G. Kidwell
(3) Dalia Guzman
(4) Marco Antonio Flores
(5) Nora Linda Flores
(6) Alicia Martha Sutherland
(7) Jose Antonio Guzman, Jr
(8) Thalia Guzman (aka Thaleah Ayleen Guzman)
(9) Nilda Vela Guzman, individually, and as next of kin for A.J.G., a minor

**2.      State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

Plaintiff will provide initial disclosures pursuant to Rule 26(a)(1)(A) by May 21, 2021. Plaintiff will provide disclosures based on its infrastructure plan in place prior to the January 20, 2021 Executive Proclamation.

**3.      List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

None.

**4.      Briefly describe what this case is about.**

This is a civil action brought by the United States under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property for purposes of constructing, installing, operating, and maintaining roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures to help secure the United States/Mexico border within the State of Texas; and for the determination and award of just compensation to the owners and parties in interest.

**5.      Specify the allegation of federal jurisdiction.**

Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358.

**6.      Name the parties who disagree with the jurisdictional allegations and state their reasons.**

The Parties agree with the jurisdictional allegations.

**7.       List anticipated additional parties that should be included, when they can be added, and by which parties desires their inclusion.**

The Parties do not anticipate additional parties that should be included in this case.

**8.      List anticipated interventions.**

The Parties do not anticipate interventions.

**9.      Describe any class-action issues.**

The Parties do not present class-action issues in this case.

**10.      Describe the discovery plan proposed by the parties, including:**

**A.**     **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a)?**

None, other than as referenced in response to question 2 above.

**B.  When and to whom the plaintiff anticipates it may send interrogatories?**

Plaintiff does not anticipate sending interrogatories in this action, however, should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, Plaintiff anticipates sending interrogatories to Defendants after the entry of this Court's Scheduling Order on the issue of just compensation.

**C.**     **When and to whom the defendant anticipates it may send interrogatories?**

Defendants Josefa G. Mares, Maria Luisa G. Morales, Alicia G. Stafford (Sanchez), Jesus Guzman, Jr., and Maria del Rosario G. Ramirez do not anticipate sending interrogatories in this case.

**D.**     **Of whom and by when the plaintiff anticipates taking oral depositions?**

Plaintiff does not anticipate taking oral depositions in this action, however, should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, Plaintiff anticipates taking the oral deposition of Defendants, their fact witnesses and other relevant witnesses of Defendants after the entry of this Court's Scheduling Order on the issue of just compensation.

**E.**     **Of whom and by when the defendant anticipates taking oral depositions?**

Defendants Josefa G. Mares, Maria Luisa G. Morales, Alicia G. Stafford (Sanchez), Maria del Rosario G. Ramirez, and Jesus Guzman, Jr. do not anticipate sending interrogatories in this case.

**F.**     **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports?**

Defendants have the burden of proof regarding the issue of just compensation in this action. Defendants Josefa G. Mares, Maria Luisa G. Morales, Alicia G. Stafford (Sanchez), Maria del Rosario G. Ramirez, and Jesus Guzman, Jr. do not anticipate designating experts and providing expert reports.

Plaintiff does not anticipate designating experts in this action, however, should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, Plaintiff anticipates designating experts and providing reports required under Rule 26(a)(2)(B), by the end of the discovery period as designated by the Court in its Scheduling Order. Plaintiff asks that the Court consider a deadline for rebuttal experts in its Scheduling Order.

**G.**     **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

Defendants have the burden of proof regarding the issue of just compensation in this action. Defendants Josefa G. Mares, Maria Luisa G. Morales, Alicia G. Stafford (Sanchez), Maria del Rosario G. Ramirez, and Jesus Guzman, Jr. do not anticipate sending interrogatories in this case.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, or in the event Defendants deem it necessary to designate experts in this action, Plaintiff anticipates taking the deposition of any expert designated by Defendants by the end of the discovery period as designated by the Court in its Scheduling Order.

**I.   All other matters raised in Rule 26(f).**

Counsel for Plaintiff has conferred with Defendants Josefa G. Mares, Maria Luisa G. Morales, Alicia G. Stafford (Sanchez), Maria Avelina Guzman (attorney-in-fact for Defendant Jesus Guzman, Jr.), and Margil Sanchez, Jr., counsel for Defendant Maria del Rosario G. Ramirez regarding the Subject Tract and bringing resolution to this case. Before the commencement of discovery in this action on the issue of just compensation, the Parties have mutually agreed to take no action until the position of Plaintiff is determined under the expected plan for redirection of funds. If determined under the expected plan of redirection of funds, but no later than the requested 45 day deadline, that Plaintiff no longer has use for the property at issue in this case, as described in Schedule B of the Declaration of Taking, Plaintiff and Defendants will stipulate to dismissal under Federal Rule of Civil Procedure 71.1(i)(1)(B) since title of the estate taken has not vested in Plaintiff.

Defendant Alicia G. Stafford intends to disclaim her interest in this action. Accordingly, the United States has mailed her a disclaimer for execution. Once the United States receives the duly executed disclaimer, it will file it with the Court for consideration.

**11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The Parties agree on all parts of the discovery plan.

**12.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

The Parties have yet to exchange initial disclosures. Furthermore, on January 20, 2021, President Biden issued an Executive Order pausing the Border Wall project for 60 days to assess funding sources and other issues. No discovery has taken place to date because Plaintiff is awaiting guidance on whether it will be allowed to proceed with this case.

**13.    State the date the planned discovery can reasonably be completed.**

The parties agree that discovery may not be necessary if the parties stipulate to dismissal prior the 45-day deadline requested by the parties in response to question 1 of this joint discover/case management plan. However, should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the parties anticipate that discovery can be reasonably completed within 9 months after the entry of the Court's Scheduling Order on the issue of just compensation.

**14.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Plaintiff and Defendants have been unable to resolve this case due to the January 20, 2021 Executive Proclamation pausing the Border Wall project for 60 days to assess funding sources and other issues. Plaintiff is awaiting guidance on whether it will be allowed to proceed with this case. If determined under the expected plan of redirection of funds that Plaintiff no longer has use for the property taken, as described in Schedule B of the Declaration of Taking, Plaintiff and Defendants will stipulate to dismissal of this action. If determined the use described in Schedule B of the Declaration is needed, Plaintiff will deposit the sum estimate of just compensation into the registry of the Court and move the Court for possession of the estate taken. Upon resolution of the issue of possession by the Court, the parties request that a scheduling order be issued on the issue of just compensation.

**15.     Describe what each party has done or agreed to do to bring about a prompt resolution.**

Prior to filing suit, between July 2020 and November 2020, the United States Army Corps of Engineers (USACE) and/or the Department of Justice (DOJ) participated in discussions with numerous defendants regarding the offer to sell (DOJ). USACE and DOJ mailed out valuation letters and offers to sell to known defendants. USACE determined that the Ramirez and Longoria families owned segments of the Subject Tract at issue in this case and thus, sought a 4-year temporary easement for the placement of a temporary tower for border security purposes.

USACE spoke with Maria del Rosario G. Ramirez, who indicated she would not agree to an OTS; and spoke with Roberto Longoria and Dagoberto Lopez, Jr., who both indicated that the Longoria family did not have an interest in the land sought and would seek to disclaim their interests in the land upon the commencement of a condemnation action and accordingly, all have disclaimed and been dismissed since the commencement of this action. USACE and DOJ received no signed OTS from any of the parties named in this action prior to commencement of this action.

Unfortunately, due to the number of interested parties listed in this case, the fact that some of these interested parties had not been identified and the need to resolve title issues, condemnation was needed and sought on October 28, 2020.

On January 20, 2021, President Biden issued an Executive Order pausing the Border Wall project for 60 days to assess funding sources and other issues. Plaintiff has not deposited the sum estimate of just compensation in this action pending a determination on whether it will be allowed to proceed with use of the Subject Tract as stated in Schedule B of the Declaration of Taking. Accordingly, title in the estate described in Schedule E of the Declaration of Taking has not vested in the Plaintiff under the Declaration of Taking Act.

Counsel for Plaintiff has conferred with Defendants Josefa G. Mares, Maria Luisa G. Morales, Alicia G. Stafford (Sanchez), Maria Avelina Guzman (attorney-in-fact for Defendant Jesus Guzman, Jr.), and Margil Sanchez, Jr. counsel for Defendant Maria del Rosario G. Ramirez regarding the Subject Tract and bringing resolution to this case. Plaintiff and Defendants agreed that if determined by Plaintiff, but no later than the requested 45 day deadline, that it no longer has use for the Subject Tract for the purpose described in Schedule B of the Declaration of Taking, then Plaintiff

and Defendants will stipulate to dismissal under Federal Rule of Civil Procedure 71.1(i)(1)(B) since title in the Subject Tract has not vested in Plaintiff.

Accordingly, the parties respectfully request that the Court set a deadline 45 days from the scheduled Initial Pretrial Conference in lieu of a scheduling order for the parties to: (1) file a stipulation for dismissal under Federal Rule of Civil Procedure 71.1(i)(1)(B) or alternatively, (2) for Plaintiff to deposit the sum estimate of just compensation into the registry of the Court, and move the Court for possession of the estate taken described in Schedule E of the Declaration of Taking. Upon resolution of the issue of possession, the parties request a scheduling order on the issue of just compensation.

**16.     From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties are amenable to formal and informal dispute resolution alternatives. Formal dispute resolution would be effective at the end of the discovery period.

**17.     Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not agree to case being tried before a magistrate judge.

**18.     State whether a jury demand has been made and if it was made on time.**

The parties made no jury demand.

**19.     Specify the number of hours it will take to present the evidence in this case.**

The parties agree that evidence in this case could be presented in 12 hours or less.

**20.     List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Opposed Motion to Substitute Nilda Vela Guzman as next of kin of A.J.G, in place of Antonio Guzman as Proper Party Defendant and for Dismissal of Antonio Guzman as Unnecessarily or Improperly Joined (Dkt. No. 65).

**21.     List other motions pending.**

None.

**22.     Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

The parties respectfully request the Court to set a deadline 45 days from the scheduled Initial Pretrial Conference in lieu of a scheduling order for the parties to: (1) file a stipulation for dismissal under Federal Rule of Civil Procedure 71.1(i)(1)(B) or alternatively, (2) for Plaintiff to deposit the sum estimate of just compensation into the registry of the Court and move for possession of the

estate taken. Upon resolution of the issue of possession by the Court, the parties request that a scheduling order be issued on the issue of just compensation.

There is a possibility that rebuttal experts may be needed in this case. Plaintiff requests that the Court set a rebuttal expert deadline for forty-five (45) days after date of the mutual expert report exchange.

**23.    Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.**

Plaintiff filed a Disclosure of Interested Parties[1] with the Court on November 12, 2020; on December 22, 2020, Plaintiff filed its First Amended Schedule "G"[2], on January 13, 2021, Plaintiff filed its Second Amended Schedule "G"[3], on March 31, 2021, Plaintiff filed its Third Amended Schedule "G"[4], and on May 7, 2021, Plaintiff filed its Fourth Amended Schedule "G"[5], reflecting the remaining  parties in this case.

**24.    List the names, bar numbers, addresses, and telephone numbers of all counsel.**


**COUNSEL FOR PLAINTIFF:**

**BALTAZAR SALAZAR**
Assistant United States Attorney
S.D. Tex. ID No. 3135288
Texas Bar No. 24106385
600 E. Harrison Street, Suite 201
Brownsville, TX 78520
Telephone:  (956) 983-6057
Facsimile:  (956) 548-2775
E-mail:  Baltazar.Salazar@usdoj.gov
Attorney-in-Charge for Plaintiff

**COUNSEL FOR DEFENDANT**
**MARIA DEL ROSARIO G. RAMIREZ**:

Margil Sanchez, Jr.
Attorney-at-Law
Texas Bar No. 17570800
P.O. Box 297
Rio Grande City, Texas, 78582
Tel. No. 956-487-7575
Fax No. 956-487-8491
e-mail: msjlaw@yahoo.com

---

[1] Dkt. No. 5.
[2] Dkt. No. 38-1.
[3] Dkt. No. 47-1.
[4] Dkt. No. 62-1.
[5] Dkt. No. 77-1.

Respectfully submitted,

**FOR DEFENDANTS:**

**FOR PLAINTIFF:**

**JENNIFER B. LOWERY**
Acting United States Attorney
Southern District of Texas

s/Margil Sanchez, Jr., *with permission*
Margil Sanchez, Jr.
Attorney-at-Law
Texas Bar No. 17570800
P.O. Box 297
Rio Grande City, Texas, 78582
Tel. No. 956-487-7575
Fax No. 956-487-8491
e-mail: msjlaw@yahoo.com
**Attorney for Defendant Maria del Rosario
G. Ramirez**

By:    *s/ Baltazar Salazar*
**BALTAZAR SALAZAR**
Assistant United States Attorney
Attorney-in-Charge for Plaintiff
S.D. Tex. ID. No. 3135288
Texas Bar No. 24106385
**UNITED STATES ATTORNEY'S OFFICE**
**SOUTHERN DISTRICT OF TEXAS**
600 E. Harrison, Suite 201
Brownsville, Texas 78520
Telephone: (956) 983-5067
Facsimile: (956) 548-2775
Email: Baltazar.Salazar@usdoj.gov

s/Josefa G. Mares, *with permission*
Defendant Josefa G. Mares
Grandview, WA 98930

s/Alicia Stafford, *with permission*
Defendant Alicia G. Stafford (Sanchez)
Temple, TX 76502

s/Maria Luisa Morales, *with permission*
Defendant Maria Luisa G. Morales
La Grulla, TX 78548

s/Maria Avelina Guzman, *with permission*
Attorney-in-Fact for Defendant Jesus
Guzman, Jr.
La Grulla, TX 78548

## CERTIFICATE OF SERVICE

I certify that on May 7-11, 2021, a copy of the foregoing document was served on Defendants via regular mail and/email.

_s/ Baltazar Salazar_
**Baltazar Salazar**
Assistant United States Attorney