IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:20-cv-00344 |
| | § | |
| 2.1185 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATE IN STARR COUNTY, STATE OF | § | |
| TEXAS, MARIA DEL ROSARIO G. | § | |
| RAMIREZ, *et al.*, | § | |
|     *Defendants*. | § | |

## STATUS REPORT

1. Plaintiff, United States of America ("United States"), through the undersigned Assistant United States Attorney, Defendants Maria del Rosario G. Ramirez, Marco Antonio Flores, Nora Linda Flores, Alicia Martha Sutherland, Maria Luisa G. Morales, and Maria Avelina Guzman (attorney-in-fact for Defendant Jesus Guzman, Jr.) (hereafter "the Parties") respectfully file this Status Report, three days after the Court's deadline of **June 7, 2021**[1], and inform the Court that the United States has not received guidance on whether it can move forward with depositing the sum estimate for the taking of 4-year temporary estate in this case. In lieu of dismissing the case and having to refile this action if determined that the use of the temporary easement is needed for border security purposes, the Parties agree to adhere to the case-specific scheduling order deadlines entered by the Court in resolving all issues remaining in this action.[2]

### I.    RELEVANT PROCEDURAL BACKGROUND

2. On October 27, 2020, pursuant to the Declaration of Taking Act (40 U.S.C. § 3114), and Federal Rule of Civil Procedure 71.1, the United States filed a Complaint in Condemnation[3]

---

[1] Dkt. No. 79 at 4.
[2] *Id.* at 2-4.
[3] Dkt. No. 1.

and a Declaration of Taking[4] to acquire a 4-year temporary access and utility easement in a 2.1185 acre tract of land, identified as tract RGV-RGC-T2055E, for purposes of the border infrastructure project.[5]

3. In lieu of depositing the sum estimate of just compensation, vesting the United States title to the 4-year temporary access and utility easement under the Declaration of Taking Act[6], the United States held off on obtaining title to the temporary estate and seeking possession of said estate, pending the United States' determination on condemnation posture after the 60 day pause set in place under the January 20, 2021 Presidential Proclamation.[7]

4. All parties with an interest in tract RGV-RGC-T2055E have been added and served with notice of this action.[8]

5. On May 7, 2021, the Parties filed their Joint Discovery/Case Management Plan and therein requested that the Court set a deadline 45 days from the previously scheduled May 18, 2021 Initial Pretrial Conference, in lieu of a scheduling order for the parties to: (1) file a stipulation for dismissal under Federal Rule of Civil Procedure 71.1(i)(1)(B) or alternatively, (2) for Plaintiff

---

[4] Dkt. No. 2.
[5] Schedules "C," & "D," & "E," Dkt. Nos. 1-1 at 6-14; 2-1 at 6-14.
[6] *See* 40 U.S.C. § 3114(b) (Upon the filing of the Declaration of Taking and depositing the estimated compensation in the Registry of the Court, the following events occur by operation of law: "(1) title to the estate or interest specified in the declaration vests in the Government; (2) the land is condemned and taken for the use of the Government; and (3) the right to just compensation for the land vests in the persons entitled to the compensation."); *E. Tennessee Nat. Gas. Co. v. Sage*, 361 F.3d 808, 825 (4th Cir. 2004) (in a Declaration of Taking Act case, "[t]itle and the right to possession vest in the government immediately upon the filing of a declaration and the requisite deposit.").
[7] Pres. Proc. No. 10142, 86 Fed. Reg. 7225 (Jan. 20, 2021), https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/proclamation-termination-of-emergency-with-respect-to-southern-border-of-united-states-and-redirection-of-funds-diverted-to-border-wall-construction/.).
[8] *See* Dkt. No. 12 (Waiver of Blanca Kidwell); Dkt. No. 37 (Return of Service-Heraclio Guzman); Dkt. No. 41 (Return of Service-Maria del Rosario G. Ramirez); Dkt. No. 42 (Return of Service-Maria Luisa G. Morales) Dkt. No. 51 (Waiver of Dalia Guzman); Dkt No. 52 (Waiver of Jesus Guzman, Jr.); Dkt. No. 53 (Waiver of Alicia G. Stafford [Sanchez]; Dkt No. 54 (Waiver of Josefa G. Mares); Dkt. No. 66 (Return of Service-Alicia Martha Sutherland); Dkt. No. 68 (Return of Service-Thaleah Ayleen Guzman) Dkt. No. 70 (Return of Service-Nora Linda Flores); Dkt. No. 71 (Return of Service-Marco Antonio Flores); Dkt. No. 72 (Return of Service-Jose Antonio Guzman, Jr.); and Dkt. Nos. 73 & 76 (Return of Service—Nilda Vela Guzman, individually, and as next of kin of A.J.G, a minor).

to deposit the sum estimate of just compensation into the registry of the Court and move for possession of the estate taken.[9]

6. On May 10, 2021, the Court entered a case-specific scheduling order, cancelling the May 18, 2021 Initial Pretrial Conference, and setting a status conference for **Thursday, June 17, 2021 at 10 a.m.** unless the Parties filed a stipulation of dismissal or the United States would deposit just compensation and move the Court for possession before that date.[10] The Court further ordered that the Parties file a status report **June 7, 2021**.[11] The undersigned counsel for the United States regrettably failed to correctly calendar the June 7, 2021 deadline and thus, the Parties respectfully file this status update three days after the Court's deadline.[12]

7. On May 11-12 and June 8-10, 2021, the undersigned counsel for the United States attempted to confer with Defendants Blanca Kidwell, Heraclio Guzman, Alicia G. Stafford (Sanchez), Dalia Guzman, Jose Antonio Guzman, Jr., Thaleah Ayleen Guzman, and Nilda Vela Guzman, individually, and as next of kin of A.J.G., a minor, via regular mail correspondence, telephone, and/or email about this Status Report, but has been unsuccessful in obtaining their participation at this time.

## II. STATUS UPDATE AND CONCLUSION

8. The United States has not received guidance as of the filing date of this report as to whether it may proceed with the taking of the 4-year temporary estate described in the Declaration of Taking; the Administration is in the process of analyzing avenues available to determine how to proceed with this temporary access and utility taking, and other border fence project cases, The Parties have conferred and agree that if determined that the temporary estate

---

[9] Dkt. No. 78 at 1, § 1; at 5-6, § 15; at 6-7 § at 22.
[10] Dkt. No. 79 at 1-4.
[11] *Id.* at 4.
[12] *Id.*

is needed for border security purposes, Defendants will grant the United States possession of the estate; however, if determined that the estate is not needed, the United States will dismiss this action under Federal Rule of Civil Procedure 71.1(i)(1)(A)[13] given that title has not vested unto the United States. The Parties further agree that for the convenience of the Parties and the Court, in lieu of stipulating to dismissing the case at this time, the Parties will await on the United States' determination on the use of Tract RGV-RGC-T2055E to avoid the possibility of having to refile this case if dismissed. Despite the current litigation posture, the Parties will adhere to the case-specific scheduling order deadlines entered by the Court[14] to resolve all issues remaining in this action.

|  |  |
|---|---|
| **FOR DEFENDANTS:** | Respectfully submitted,<br><br>**FOR PLAINTIFF:**<br><br>**JENNIFER B. LOWERY**<br>Acting United States Attorney<br>Southern District of Texas |
| s/Margil Sanchez, Jr., *with permission*<br>Margil Sanchez, Jr.<br>Attorney-at-Law<br>Texas Bar No. 17570800<br>Federal Id. No. 741962808<br>P.O. Box 297<br>Rio Grande City, Texas, 78582<br>Tel. No. 956-487-7575<br>Fax No. 956-487-8491<br>**Attorney for Defendant Maria del Rosario G. Ramirez**<br><br>s/ Flor E. Flores, *with permission*<br>Flor E. Flores | By:   *s/ Baltazar Salazar*<br>**BALTAZAR SALAZAR**<br>Assistant United States Attorney<br>Attorney-in-Charge for Plaintiff<br>S.D. Tex. ID. No. 3135288<br>Texas Bar No. 24106385<br>**UNITED STATES ATTORNEY'S OFFICE**<br>**SOUTHERN DISTRICT OF TEXAS**<br>600 E. Harrison, Suite 201<br>Brownsville, Texas 78520<br>Telephone: (956) 983-5067<br>Facsimile: (956) 548-2775<br>Email: Baltazar.Salazar@usdoj.gov |

---

[13] *See* Fed. R. Civ. P. 71.1(i)(1)(A)("If no compensation hearing on a piece of property has begun, and if the plaintiff has not acquired title or a lesser interest or taken possession, the plaintiff may, without a court order, dismiss the action as to that property by filing a notice of dismissal briefly describing the property.").
[14] Dkt. No. 79 at 2-4.

Federal Bar No. 1096206
Texas State Bar No. 24065235
THE LAW FIRM OF FLOR E. FLORES, PLLC
102 N. East St.
Rio Grande City, Texas 78582
Tel: (956) 263-1786
Fax: (956) 263-1750
Email: ffloreslaw@gmail.com
**Attorney for Defendants Marco Antonio Flores, Nora Linda Flores, and Alicia Martha Sutherland**

s/Maria Luisa Morales, *with permission*
**Defendant Maria Luisa G. Morales**
La Grulla, TX 78548

s/Josefa G. Mares, *with permission*
**Defendant Josefa G. Mares**
Grandview, WA 98930

s/Maria Avelina Guzman, *with permission*
Attorney-in-Fact for Defendant Jesus Guzman, Jr.
La Grulla, TX 78548

## CERTIFICATE OF SERVICE

I hereby certify that, on June 10, 2021, I mailed a true and correct copy of the foregoing document via CM/ECF email notification, regular mail and or email to all named parties remaining in this case.

By: *s/Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney