UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 7:20-cv-00344 |
| 2.1185 ACRES IN STARR COUNTY, | § | |
| TEXAS; MARIA DEL ROSARIO G. | § | |
| RAMIREZ; et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court now considers the joint status report filed by the United States, and Defendants Maria del Rosario G. Ramirez, Marco Antonio Flores, Nora Linda Flores, Alicia Martha Sutherland, Maria Luisa G. Morales, and Maria Avelina Guzman (attorney-in-fact for Defendant Jesus Guzman, Jr.).[1] Therein, the parties first note that they submitted this report three-days after the deadline because the United States "regrettably failed to correctly calendar the June 7, 2021 deadline."[2] The Court finds excusable neglect for the delayed submission and turns to consider the parties' report.

The parties filed this status report in response to the Court's May 10th order, which denied the parties' request for a forty-five day continuance of their initial pretrial conference to allow them to either "(1) file a stipulation of dismissal or (2) for the United States to deposit just compensation and move for possession."[3] In lieu of a forty-five day extension, given the uncertainty of the parties' timeline, the Court entered a scheduling order and ordered the parties

---

[1] Dkt. No. 87.
[2] *Id.* at 1.
[3]

to appear for a status conference on June 17, 2021 unless they filed a stipulation of dismissal or deposited just compensation and moved for possession before that date.

In the parties' status report, they provide that the United States still has not received guidance as to whether to proceed with the taking in this case.[4] Once the United States determines how it wishes to proceed, the parties have agreed that either Defendants will grant possession to the United States or the United States will dismiss the case.[5] In the meantime, the parties provide that they will adhere to the scheduling order in this case.[6] As a rationale for this decision, the parties provide that:

> [they] agree that for the convenience of the Parties and the Court, in lieu of stipulating to dismissing the case at this time, the Parties will await on the United States' determination on the use of Tract RGV-RGC-T2055E to avoid the possibility of having to refile this case if dismissed."[7]

However, while this may be convenient for the United States, the Court does not agree that it is convenient for the Court or the interested parties in this case. This case was only filed in October 2020, but other land condemnation cases have languished on the Court's docket for this same reason, in some cases for over thirteen years.[8] Thus, encumbering the property in these cases for an unascertainable amount of time. Further, in the United States' haste to file these cases, they failed to ascertain the proper parties, necessitating multiple rulings from the Court on various motions to add, substitute, and dismiss parties from this and other land condemnation cases. There is no doubt that as time passes and interests in the Subject Property shift, further additions, substitutions, and dismissals will be required.[9]

---

[4] *Id.* at 3, ¶ 8.
[5] *Id.* at 4, ¶ 8.
[6] *Id.*
[7] *Id.*
[8] *See* Case Nos. 7:08-cv-00066; 7:08-cv-00061; 7:08-cv-00177; 7:08-cv-00202; 7:08-cv-00302.
[9] *See id.*

In light of the parties' representations, the Court **CANCELS** the parties' June 17th status conference. However, the Court reminds parties that they are required to comply with the deadlines set out in the scheduling order[10] and to diligently prosecute their case until is resolved or dismissed.[11]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 16th day of June 2021.

_____
Micaela Alvarez
United States District Judge

---

[10] *See* FED. R. CIV. P. 16(b)(4) (requiring that scheduling order deadlines shall not be modified except by leave of Court upon showing of good cause).
[11] *See* FED. R. CIV. P. 41(b).